# FIRST DISTRICT, JANUARY, 1893.

### H. W. HALEY & WIFE v. W. W. MANNING.

### No. 69.

**1. When Charge May Direct Verdict for Plaintiff.**—When suit was on a note given for the purchase money of machinery, and the defense was that the machinery was fraudulently represented by plaintiff to be in good condition, when in fact it was worn and worthless, but the evidence failed to show any fraudulent representations by plaintiff as to the condition of the machinery, or any warranty with respect to it, the jury were correctly instructed virtually to find for plaintiff.

**2. Notice of Wife's Equity in Land Mortgaged by Husband.**— The land mortgaged by the husband to secure the note was deeded to him, but paid for with the separate means of the wife. It had not been designated or used as a homestead when the mortgage was executed; it was not error to permit plaintiff to testify that he had no notice of the equity of the wife, without pleading want of notice. Having taken the security without notice of the wife's equity, it could not be asserted against him.

**3. Evidence—Declarations of Husband.**—The rights of the wife not being in position to be prejudiced thereby, no injury could result from permitting a witness to testify that the husband said, at the time he bought the land, that he had bought it for the purpose of mortgaging it.

APPEAL from Angelina. Tried below before Hon. L. B. HIGHTOWER.

*Mantooth & Townsend,* for appellants, cited: Montgomery v. Noyes, 73 Texas, 203; Kempner v. Comer, Farris & Dial, 73 Texas, 198; Blum v. Rogers, 71 Texas, 676; McKamey v. Thorp, 61 Texas, 649; Parker v. Coop, 60 Texas, 114; McBride v. Banguss, 65 Texas, 174; Stoker v. Bailey, 62 Texas, 299.

*McLemore & Campbell,* for appellee.

GARRETT, CHIEF JUSTICE.—Action by the appellee to recover of the appellant H. W. Haley, on a promissory note for $1000, and to foreclose a mortgage given by him on certain machinery and a tract of land to secure the payment of the debt. The defenses were, that the note was given in consideration of the machinery, which plaintiff fraudulently represented to be in a good condition, when in fact it was worn and was in a bad condition, and was almost wholly worthless; and that the consideration had failed; also that the land was the separate property of the wife as well as the homestead of Haley and his family. These last defenses were also set up by the wife in a plea of intervention. The appeal is from a judgment in favor of the plaintiff for the amount of the note sued on, with foreclosure of the mortgage.

Appellants complain of the charge of the court, that the case was withdrawn from the jury. They contend, that the mortgage was executed to secure an antecedent debt, and was upon no valuable consideration, and that evidence was admissible to show that the land was purchased with the separate means of Mrs. Haley, and was her separate property, and that it was not bound by the mortgage; that without pleading on the part of plaintiff, evidence was not admissible to show that he took the mortgage without notice of Mrs. Haley's separate right in the land. Exceptions were taken to the action of the court in excluding evidence to show that the machinery was worthless, and to prove the value of the improvements put on the land, in order to show notice of the wife's claim; and in permitting the witness Moore to testify as to the statement made to him by the defendant Haley, that he bought the land for the purpose of executing a mortgage thereon to the plaintiff.

Briefly stated, the following are the facts in the case:

1. The execution of the note and mortgage was admitted by the defendants.

2. Defendant first agreed to purchase the machinery, upon which the foreclosure was had, from the plaintiff in the fall of 1885, and afterward executed the note sued on in consideration thereof, and secured the same by the execution of the mortgage on the machinery and the land.

3. When he first talked to plaintiff about buying the machinery, plaintiff told him that it was in good condition, and for defendant to take an expert and go and examine it, which defendant did. He secured the services of one Buford, who was considered an expert in such matters, and made the examination, and Buford told him that he was bit in his trade. Defendant returned to plaintiff and told him the condition in which he and Buford had found the machinery. Plaintiff replied, that it was good machinery; that he had had it examined by a machinist named Warren. Defendant then made the trade, and took possession of the machinery about November 1, 1885, with the understanding that he was to give his note therefor, secured by the mortgage. He had Buford to help him move it. They took it down from where it stood and moved it on to the land afterward mortgaged.

4. The evidence showed that the machinery was in a very bad condition, and that after a great deal of work thereon, defendant finally set it aside and bought new machinery. Defendant did not demand a cancellation of the trade on the ground of fraudulent representation, nor for any other reason. At one time, it was not stated when, he went to the plaintiff and asked him to take the machinery back and sell it and credit him with the proceeds, which plaintiff declined to do; and in the fall of 1889 he offered to return the machinery and pay plaintiff $100 to release him from the note.

5. The note and mortgage sued on were executed April 23, 1886, for

the purchase money of the machinery, after the defendant had had it in use since November, 1885.   There was not any evidence of fraud on the part of plaintiff in the sale of the machinery to the defendant.

6. It was shown by the evidence, that the separate means of Mrs. Haley were used by her husband to pay for the land which was mortgaged, and which is described in the petition.   It was purchased from T. C. Moore, and the deed was executed to the husband, H. W. Haley.   Plaintiff had no notice, either actual or constructive, of the equity of Mrs. Haley.

7. The land had not been designated as a homestead, nor used for any of the purposes thereof, when the mortgage was executed, and not until sometime thereafter was it used or occupied as a homestead.

1. The court did not err in its charge to the jury, by which the jury was instructed virtually to return a verdict for the plaintiff, because there was no evidence to sustain the defenses pleaded.   The evidence failed to show any fradulent representations by the plaintiff as to the condition of the machinery, or any warranty with respect thereto.

2. It devolved upon the defendant to show that the plaintiff took the mortgage with notice of the equity of Mrs. Haley, and it was not necessary for the plaintiff to so plead; hence it was not error to permit plaintiff to testify, without pleading, that he had no notice of any such equity.

3. As there was no evidence as to any fraudulent representation by the plaintiff with respect to the machinery or its value, there could be no material error in refusing to allow the witnesses to testify as to its worthless condition.

4. It clearly appeared from the evidence, that the note and mortgage were executed for the purchase of the machinery; consequently it was not error to hold that they were executed upon a valuable consideration, and not without consideration, as upon an antecedent debt; and that plaintiff having taken the security without notice of the equity of Mrs. Haley, it could not be asserted against him.

5. No injury could result from permitting the witness Moore to testify that Haley stated to him when he bought the land that it was for the purpose of mortgaging the same to the plaintiff, because the rights of Mrs. Haley were not in such an attitude as to be prejudiced thereby.   Proof of value of improvements was not admissible for any purpose.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered January 2, 1893.